UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
JOSE HERNANDEZ                :   Civ. No. 3:21CV01505(SALM)
                              :
v.                            :
                              :
OFFICER RYAN HOLDEN           :   November 16, 2021
                              :
------------------------------x
```

## INITIAL REVIEW ORDER

Self-represented plaintiff Jose Hernandez ("plaintiff" or "Hernandez") brings this action against defendant Meriden Police Officer Ryan Holden ("defendant" or "Holden"). [Doc. #1] Plaintiff seeks to proceed in this matter in forma pauperis, pursuant to 28 U.S.C. §1915. See Doc. #2. For the reasons set forth herein, this matter is **DISMISSED, without prejudice**, pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

## I. Background

Plaintiff brings this action on a District of Connecticut Complaint Form, asserting that his "Rights were fully violated By" defendant. See Doc. #1 at 3 (sic). Plaintiff states that he was born in 1986. See id. at 2. Plaintiff alleges that he was wrongfully arrested by Holden as the result of a domestic incident with his mother in January 2017. See id. Plaintiff states that he was arrested and charged with criminal mischief and disorderly conduct. See id. Plaintiff asks that the "Meriden

1

Police Record Divion to Distroy this offical criminal False Report from 01/08/2017 that is still against me[.]" Id. at 4 (sic). He also requests that Holden be fired. See id. at 2.

## II. Standard of Review

When a plaintiff seeks to proceed in forma pauperis under 28 U.S.C. §1915, the Court reviews the matter to determine whether it should proceed. The statute directs that "the court shall dismiss the case at any time if the court determines that" the case "is frivolous or malicious" or "fails to state a claim on which relief may be granted[.]" 28 U.S.C. §§1915(e)(2)(B)(i), (ii).

The Court construes complaints filed by self-represented plaintiffs liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972); McLeod v. Jewish Guild for the Blind, 864 F.3d 154, 156 (2d Cir. 2017). "In addition, unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim," the Court will generally grant a self-represented party at least one opportunity "to file an amended complaint that attempts to state a claim upon which relief may be granted." Campbell v. HRH Hill Int'l, No. 3:17CV02148(CSH)(SALM), 2018 WL 442800, at *2 (D. Conn. Jan. 16, 2018) (citations and quotation marks omitted).

## III. Discussion

The Court construes the Complaint, very generously, as

attempting to allege a claim pursuant to 42 U.S.C. §1983 for false arrest, in violation of the Fourth Amendment to the United States Constitution.

> The elements of a claim for false arrest pursuant to section 1983 are dictated by state law. Under Connecticut law, false imprisonment, or false arrest, is the unlawful restraint by one person of the physical liberty of another.
>
> In a false arrest action, Connecticut law places the burden of proving an unlawful arrest on the plaintiff. In order to establish a §1983 false arrest claim based on the Fourth Amendment right to be free from unreasonable seizures, a plaintiff must show: (1) the defendant intentionally arrested him or had him arrested; (2) the plaintiff was aware of the arrest; (3) there was no consent for the arrest; and (4) the arrest was not supported by probable cause. Further, in Connecticut, favorable termination is an element of a section 1983 claim sounding in false imprisonment or false arrest.

Goff v. Chivers, No. 3:15CV00722(SALM), 2017 WL 2174404, at *6 (D. Conn. May 17, 2017) (citations and quotation marks omitted).

The Court takes judicial notice of a criminal matter pending in the Connecticut Superior Court, Meriden G.A. See State v. Jose Hernandez, No. N07M-CR17-0290484-S (Conn. Super. Ct. Jan. 8, 2017) (the "Criminal Case"). In that case, a party named Jose Hernandez, birth year 1986, is charged with disorderly conduct and criminal mischief, arising out of an offense alleged to have occurred on January 8, 2017. See

Criminal Case detail.[1] That case remains pending. As of this writing, the next court date is scheduled for December 14, 2021. See id.

"Under both Connecticut law and Section 1983, a plaintiff must establish that the prosecution terminated in his or her favor to state a claim of false arrest/false imprisonment." Charles v. Johnson, No. 3:13CV00218(MPS), 2015 WL 4509405, at *3 (D. Conn. July 24, 2015). Where a plaintiff's "criminal case is still pending[,]" a false arrest claim must be dismissed, without prejudice. Tyson v. Alvarez, No. 3:17CV00731(JCH), 2018 WL 4323815, at *2 (D. Conn. Sept. 10, 2018); see also Schipke v. Connecticut, No. 3:17CV02087(JAM), 2019 WL 121783, at *5 (D. Conn. Jan. 7, 2019), appeal dismissed (Mar. 22, 2019) (dismissing false arrest claim where criminal charges still pending).

Accordingly, the Court finds that plaintiff has failed to state a claim for false arrest, and this matter is **DISMISSED**, **without prejudice**, pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

The Court will not grant plaintiff leave to file an amended complaint in this matter, because the Court sees no reasonable possibility that plaintiff could, at this time, state a

---

[1] State of Connecticut Judicial Branch, Pending Case Detail, (Nov. 13, 2021, 4:50AM), https://www.jud2.ct.gov/crdockets/CaseDetail.aspx?source=Pending&Key=4567fe4c-2ec0-4019-b97c-f300c15a9b63

4

plausible claim upon which relief could be granted. However, this case will be dismissed without prejudice, so as not to foreclose any action brought when such an action is ripe, that is, after the criminal case has concluded.

## IV.  Conclusion

This matter is hereby **DISMISSED, without prejudice to filing a new action after the criminal case has been concluded.**

If plaintiff has a good faith basis to bring a claim for false arrest after the criminal case has been concluded, he may file a new action in this Court. Any such action must assert an adequate basis for federal jurisdiction, and must allege all of the elements of a false arrest claim. Plaintiff is cautioned that he may not challenge the verdict, sentence, or judgment in his criminal case by the Connecticut Superior Court by filing a civil action for false arrest in this Court.

The Clerk shall close this case.

It is so ordered at New Haven, Connecticut, this 16th day of November, 2021.

 _____/s/_____
 HON. SARAH A. L. MERRIAM
 UNITED STATES DISTRICT JUDGE